United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-41444
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL ARELLANO-RAMIREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-346-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges:

PER CURIAM:[*]

Angel Arellano-Ramirez appeals his guilty-plea conviction and sentence for being unlawfully present in the United States following deportation. He argues that the district court committed reversible error under United States v. Booker, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the guidelines. As the Government concedes, Arellano preserved this issue for review by raising an objection based upon Blakely v. Washington, 542 U.S. 296 (2004), in the district court. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Walters, 418 F.3d 461, 462-63 (5th Cir. 2005). Accordingly, the question before us "is whether the government has met its burden to show harmless error beyond a reasonable doubt." Id. at 464.

The district court erred by sentencing Arellano under the mistaken belief that the guidelines were mandatory. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). While the district court denied Arellano's request for a downward departure, it sentenced him at the low end of the guidelines range and did not state what sentence it would impose if the guidelines were held unconstitutional. In these circumstances, the Government has not met its "arduous burden" of showing that the error was harmless. United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005) (internal quotation marks omitted). Accordingly, we vacate Arellano's sentence and remand to the district court for resentencing.

Arellano's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Arellano contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Arellano properly concedes that his argument is

foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.